Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
On the 14th day of December, 1904, a contract was made between Ambrose Stannard and the United States whereby the said Stannard agreed “ to perform all work required for the erection and general construction of two laboratory buildings for the United States Department of Agriculture at Washington.” Another provision of the contract was that the contractor should “ complete the said work in all its parts within 30 months from the date of the receipt of the notice referred to in paragraph 2 of the contract. Time is to be considered as of the essence of the contract, and in case the completion of said work shall be delayed beyond said period, the party of the second part may, in view of the diflu culty of estimating with exactness the damages which will result, deduct as liquidated damages, and not as a penalty, the sum of two hundred dollars ($200) for each and every day during the continuance of such delay and until such work shall be completed, and such deduction may be made *405 from time to time from any payment due hereunder, provided, however, that when the Secretary of Agriculture is satisfied that such delay has been caused by the act of the party of the second part, or by circumstances, including fire, water, and strikes of employees, beyond the control of the party of the first part, then said deduction shall not be made, and an extension of time equal to said delay shall be allowed for completion of said work.”
The language of the specifications is as follows:
“ líach bidder must submit his proposal with the distinct understanding that, in case of its acceptance, time for the completion of the work shall be considered as of the essence of the contract, that for the cost of all extra inspection and for all amounts paid for rents, salaries, and other expenses entailed upon the United States by delay in completing the contract, the United States shall be entitled to the fixed sum of $200 as liquidated damages, computed, estimated, and agreed upon, for each and every day’s delay not caused by the United States.”
The notice of the execution of the contract and the approval by the United States of the bond conditioned thereon was given to the contractor on the 29th day of December, 1904. The Secretary of Agriculture extended to the contractor five months’ time in which to complete the work, which date was the 29th day of November, 1907.
The work was accepted by the department on the 17th day of March, 1908, and in the final settlement made with the contractor the Secretary of Agriculture determined that the contractor should be charged with 101 days’ delay and deducted the sum of $20,200 from the final payment. It is for this amount that this suit is brought. It is claimed by the plaintiff that the contract was one of a penalty and not for liquidated damages.
The language of the contract and the specifications have been fully set out, because the issues involved must be determined by the writings, their nature, and the obligations arising from their execution.
It is now a well-settled principle of law that it is the duty of courts to give effect to the plainly expressed will of contracting parties. Sun Printing & Publishing Association v. Moore, 183 U. S., 642, 660. The court in that ease said:
*406 “This court has consistently maintained the principle that the intention of the parties is to be arrived at by a proper construction of the agreement made between them, and whether a particular stipulation to pay a sum of money is to be treated as a penalty or as an agreed ascertainment of damages is to be determined by the contract, fairly construed, it being the duty of the court always, where the damages are uncertain and have been liquidated by an agreement, to enforce the contract” (p. 660).
The contract now under consideration provided for the payment of a sum of money, which is an agreed amount for damages, which in this case are uncertain, and they have been liquidated by an agreement, the terms of which are plain and unambiguous. The clear intent and meaning of the contract is that the contractor shall pay a certain sum of money as liquidated damages. The contractor can not now be heard to complain that he did not so understand the contract, for the specifications give him notice of what he would be required to do if his bid was accepted; and the contract which he voluntarily signed was clear and unmistakable in its provisions. The intent and meaning of the parties to the contract can be clearly ascertained from the language used, and when this is the casé the contract must be carried into effect. See also Sorensen v. United States, 51 C. Cls., 69, where the late cases are cited and reviewed and where the general principle is stated that when the parties agree in advance upon a sum which shall be paid in liquidation of damages in the event of breach the court should enforce the provision.
In this case the terms of the contract as well as its meaning are plain and unmistakable and the court must give effect to it. The defendants are plainly entitled to deduct from the contract price the amount of money found to be due by reason of the delay of the contractor in completing the work. The Secretary of Agriculture found that the work was delayed 101 days; from the evidence we think this number of days was fairly and equitably fixed, and that the sum of $20,200 was properly deducted as liquidated damages.
The contention of the plaintiff that the contract was for the erection of two separate buildings, capable of independent completion and separate occupation and use, is not *407 borne out either by the contract or the evidence. The contract provided that the contractor should “complete the said work in all its farts within 30 months,” etc. It will not do to say that if he completed one part within the time specified, and failed to complete the other, he did not commit a breach of his contract.' As a matter of fact, he did not complete either part in the time specified. But the plain intent and meaning of the contract is that he was to complete all the work within the time specified, and the reason for those provisions in this contract and in all Government contracts is plain. It is impossible for the Government to prove the damages which it suffers by reason of delay in the completion of work under contracts which it makes with private parties. The Government therefore in making these contracts, where large, sums of money are involved, and where if nothing was done to protect itself it would lose not only the interest on the money, but suffer additional damage in the payment of rent and other expenses and other great inconveniences by delays in completing contracts, provides for liquidated damages instead of penalties. Contractors can not complain, as they are given full notice, and enter upon the contracts with full knowledge of their meaning and purpose.
For the foregoing reasons the petition of the plaintiff must be dismissed, and it is so ordered; and judgment is rendered in favor of the United States against the claimant for the cost of printing the record in this cause in the sum of $154.25, to be collected by the clerk as provided by law.
Downey, Judge, Barney, Judge, Booth, Judge, and Campbell, Chief Justice, concur.